UNITED STATES of America

v.

Gerald R. EVERSOLE and Michael D. Surface, Defendants.

Criminal Action No. H–10–886.

United States District Court, S.D. Texas, Houston Division.

April 26, 2011.

John P. Pearson, Peter R. Mason, U.S. Department of Justice, Washington, D.C., for United States of America.

Rusty Hardin, Jr., Anthony Douglas Drumheller, Rusty Hardin & Associates, P.C., Houston, TX, for All Defendants, Gerald R. Eversole; Michael D. Surface.

## ORDER OF JOINDER

DAVID HITTNER, District Judge.

Pending before the Court is the United States of America's Motion to Rejoin Defendants. Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This case involves two defendants in an alleged conspiracy scheme to commit political bribery. On December 20, 2010, the United States of America (the "Government") filed an indictment charging Defendants Gerald R. Eversole ("Eversole"), current Commissioner of Harris County, Precinct 4, and Michael D. Surface ("Surface"), a real-estate developer, (collectively, "Defendants") with conspiracy, in violation of 18 U.S.C. § 371, and with committing bribery related to federally funded programs, in violation of 18 U.S.C. § 666(a)(1)(B) and (aX2). Additionally, the indictment charges Eversole with filing false income-tax returns, in violation of 26 U.S.C. § 7206(1). Jury selection was originally scheduled for February 22, 2011.

On January 12, 2011, the Court held a status conference during which Eversole communicated his intent to proceed to trial as scheduled. Eversole himself stated in open court that he had been counseled on the potential complexities in this case but nevertheless desired to proceed to trial as initially scheduled. On January 18, 2011, Surface moved for a continuance citing voluminous evidentiary materials and his counsels' need for time to prepare an adequate defense. The following day, Eversole moved to sever the case into separate trials. On January 27, 2011, the Court granted Surface's motion for continuance and, as requested, set his trial for October 2011. The Court also severed the case into separate trials and set jury selection for Eversole to commence on March 7, 2011.

On March 7, 2011, the Court empaneled a jury, and the next day the Government began presenting evidence against Eversole. On March 25, 2011, after three weeks of trial, the Government rested, and Eversole elected not to present a defense. Thereafter, the jury received instructions from the Court and began its deliberations, which after four days ended in a deadlock.[1] On March 30, 2011, the Court declared a mistrial and immediately offered to empanel a second jury the following week.[2] The Government and Eversole both declined the Court's offer and jointly requested additional time to confer amongst themselves and with their respective trial teams.[3] The parties further requested that the Court set a status conference in mid-April 2011 to determine a new trial date. The Government now moves to rejoin the Defendants for a joint trial. Eversole opposes rejoinder and moves again to proceed with a separate trial.

## II. LAW & ANALYSIS

As an initial matter, the Court addresses the form of the Government's motion. The title of the Government's motion contemplates "rejoinder" of the Defendants. However, the case law the Government cites and the arguments it sets forth surround the body of law concerning severance under Rule 14(a) of the Federal Rules

---

1. The jury notified the Court it was deadlocked four times. After the first notice, the Court instructed the jury to continue deliberating. After the second notice, the Court provided each side an additional thirty minutes of summation. After the third notice, the Court instructed the jury with the Modified "Allen" Charge. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) § 1.45 (2001). Finally, after the fourth notice, the Court declared a mistrial.

2. Eversole's trial was estimated to run four to six weeks, but it concluded much earlier because Eversole elected not to present a defense.

3. The trial transcript of this discussion reveals that neither party desired to proceed immediately with a new trial for various reasons.

of Criminal Procedure. Thus, the Court construes the Government's motion as, essentially, a motion to reconsider the Court's prior ruling regarding Eversole's motion for severance. Accordingly, the Court must determine whether Defendants' trials should remain separate.

■■■■ Under Rule 14(a) of the Federal Rules of Criminal Procedure, "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." FED. R.CRIM.P. 14. The Court has discretion to sever a case into separate trials. *Opper v. United States,* 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954) ("It [is] within the sound discretion of the trial judge as to whether the defendants should be tried together or severally."); *see also United States v. Whitfield,* 590 F.3d 325, 356 (5th Cir.2009) ("The denial of a motion to sever is reviewed under an exceedingly deferential abuse of discretion standard.") (internal quotations omitted). " 'There is a preference in the federal system for joint trials of defendants who are indicted together,' *particularly in conspiracy cases.*" *United States v. Hidalgo,* 385 Fed.Appx. 372, 379 (5th Cir.2010) (emphasis added) (quoting *United States v. Lewis,* 476 F.3d 369, 383 (5th Cir.2007)). Thus, "[t]he rule, rather than the exception, is that persons indicted together should be tried together," *United States v. Pofahl,* 990 F.2d 1456, 1483 (5th Cir.1993), *cert. denied,* 510 U.S. 898, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993), and " 'district court[s] should grant a severance . . . only if there is a serious risk that a joint trial would compromise a specific tri-

al right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " *United States v. Daniels,* 281 F.3d 168, 177 (5th Cir.2002) (quoting *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). Although Eversole acknowledges his initial joinder with Surface in the indictment was proper, he contends a joint trial will subject him to both risks.

### A. Eversole's Right to a Speedy Trial

First, Eversole contends a joint trial will compromise his statutory right to a speedy trial.[4] The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174, (the "Act") requires that a defendant be brought to trial " 'within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.' " *United States v. Bieganowski,* 313 F.3d 264, 281 (5th Cir.2002) (quoting 18 U.S.C. § 3161(c)(1)), *cert. denied,* 538 U.S. 1014, 123 S.Ct. 1956, 155 L.Ed.2d 851 (2003). However, under § 3161(h) of the Act, certain delays are excludable from the seventy-day calculation, including "any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Section 3161(h) also excludes a "reasonable period

---

4. At the present juncture, Eversole contends he is entitled to trial as a matter of right within seventy days of the Court's April 5, 2011 order for a new trial. *See* 18 U.S.C. § 3161(e) ("If the defendant is to be tried again following a declaration by the trial

judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.").

of delay when the defendant is joined for trial with a codefendant as to whom time has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Thus, "the Act excludes from the calculation of the seventy-day limit any delay resulting from the proper grant of a continuance requested by a codefendant." *Bieganowski,* 313 F.3d at 281. Moreover, "the excludable delay of one defendant may be attributed to all defendants." *United States v. Bermea,* 30 F.3d 1539, 1567 (5th Cir.1994), *cert. denied,* 513 U.S. 1156, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995); *see also United States v. Franklin,* 148 F.3d 451, 455 (5th Cir.1998) ("[T]he excludable delay incurred as a result of one codefendant's motion practice applies to the speedy trial time computation of all codefendants.").

■ On January 27, 2011, the Court granted Surface's motion to continue trial until October 2011. In doing so, the Court found that the ends of justice served in granting the continuance outweighed the best interest of the public and Surface in a speedy trial.[5] The delay incurred as the result of Surface's requested continuance is excludable time under the Act. Moreover, because Eversole was joined for trial

with Surface, this delay is also attributable to Eversole.[6] *See* 18 U.S.C. § 3161(h)(6)(7)(A); · *Bieganowski,* 313 F.3d at 281; *Franklin,* 148 F.3d at 455. Therefore, as a matter of law, a joint trial will not compromise Eversole's right to a speedy trial.

## B. Undue Prejudice

■ Next, Eversole contends that a joint trial will subject him to undue prejudice. Specifically, Eversole contends that the Government may seek to introduce evidence from a separate criminal case, pending in the Southern District of Texas, against Surface and a former City of Houston official in which Surface is alleged to have engaged in acts that are similar to those alleged in the present case.[7] Eversole contends that the spillover effect of such evidence, if admitted, will undoubtedly prevent a jury from making a reliable determination of his guilt or innocence. But "[a] spillover effect, by itself, is an insufficient predicate for a motion to sever." *United States v. Rocha,* 916 F.2d 219, 228–29 (5th Cir.1990). Moreover, limiting instructions, such as the Fifth Circuit Pattern Jury Instruction regarding multiple defendants and multiple counts,[8] are "suffi-

---

5. In determining whether to grant an ends-of-justice continuance, courts must consider certain factors as outlined in the Act. *See* 18 U.S.C. § 3161(h)(7)(B) (listing factors). One of the factors the Court considered in granting the ends-of-justice continuance was whether this case is unusual and complex based on the amount of discovery and the nature of the prosecution. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Finding this case met this factor, the Court granted the continuance. *See Bieganowski,* 313 F.3d at 282 & n. 15 (upholding ends-of-justice continuance wherein district court designating case complex based on the high volume of discovery).

6. In his original motion for severance, Eversole acknowledged that § 3161(h)(6) of the Act allows the Court to impute to him any

periods of excludable delay caused by Surface's continuance.

7. *See United States v. Andrew Schatte and Michael Surface,* No. H–08–CR–29 (S.D.Tex. filed Jan. 24, 2008) (Hughes, J.).

8. This instruction states:

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other

cient to prevent the threat of prejudice resulting from unsevered trials." *Whitfield,* 590 F.3d at 356 (citing *United States v. Massey,* 827 F.2d 995, 1005 (5th Cir. 1987)); *see also United States v. Mitchell,* 484 F.3d 762, 775–76 (5th Cir.2007) ("[T]he trial court did not abuse its discretion by determining that the prejudice could be adequately minimized by limiting instructions, obviating the need for severance . . . ."), *cert. denied,* 552 U.S. 923, 128 S.Ct. 297, 169 L.Ed.2d 212 (2007). Thus, even assuming the evidence Eversole points to is admitted, a limiting instruction will be sufficient to safeguard against any potential prejudice. Therefore, the Court determines a joint trial will not subject Eversole to undue prejudice.

*C. Judicial Economy*

■ In addition to the above, the Court finds that the public's interest in judicial economy weighs in favor of a joint trial. When ruling on a motion to sever, district courts "must balance the public's interest in economy of judicial administration with the possible prejudice to the defendant." *See United States v. Potashnik,* Criminal No. 3:07–CR–289–M, 2008 WL 5272807, at *25 (N.D.Tex. Dec. 17, 2008) (quoting *United States v. Harrelson,* 754 F.2d 1153, 1176 (5th Cir.1985)); *see also United States v. Matthews,* 178 F.3d 295, 298 (5th Cir.1999) ("[W]e must also balance the possibility of prejudice against the interest of judicial economy." (citing *United States v. Posada–Rios,* 158 F.3d 832, 863 (5th Cir.1998))). Here, the Defendants are charged with conspiracy to commit and

committing bribery related to federally funded programs.[9] Generally, judicial economy calls for trying co-conspirators together. *United States v. Aucoin,* 390 Fed.Appx. 336, 344 (5th Cir.2010); *see also Daniels,* 281 F.3d at 177 ("To promote judicial economy and the interests of justice, the federal system prefers joint trials of defendants who are properly charged in joint indictments."). The Government points out that when the Court originally granted Eversole's request for a separate trial, only two jury trials were anticipated—one involving Eversole and the other involving Surface. Because Eversole's first trial resulted in a hung jury, the Government contends that maintaining separate trials will, at a minimum, require trying nearly identical cases a total of three times. The Government argues that the costs in doing so would be burdensome for all parties involved, particularly because the Government's case involves only two defendants who are charged with identical corruption offenses, and the conduct at issue and the evidence involved is basically the same.[10] Considering the Government's contention and any potential prejudice to Eversole in a joint trial, the Court finds the public's interest in economy of judicial administration weighs in favor of a joint trial.

*III. CONCLUSION*

Based on all of the foregoing, the Court hereby

ORDERS that United States of America's Motion to Rejoin Defendants is GRANTED. The Court further

---

defendant. You must give separate consideration to the evidence as to each defendant.
FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) § 1.23 (2001).

9. 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 666 (bribery concerning programs receiving Federal funds).

10. After presiding over the Government's three-week-long case against Eversole, the Court is now personally apprised of the similarity of evidence against both Defendants, including witness testimony and exhibits.

ORDERS that the Court's January 27, 2011 Order of Severance is VACATED. The Court further

ORDERS that Defendant Gerald R. Eversole's Motion for Severance is DENIED. The Court further

ORDERS that the Defendants shall be tried jointly and that jury selection is set for October 2011.